UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,
    Plaintiff,

v.

Dominque Rashann Hayes,
    Defendant.
_____/

Case / Docket #:
2:17CR20292-3

Honorable Judge:
COHN

**EXPEDITED / EMERGENCY**
**MOTION TO REDUCE SENTENCE**
For Extraordinary and Compelling Reasons
Pursuant to 18 U.S.C. § 3582(c)(1)(A)

COMES NOW, Dominque Rashann Hayes, Defendant Pro Se, to move this Honorable Court for an order modifying his term of imprisonment to time served and to impose a special condition that he serve a period of home confinement on supervised release.

Such a modification will effectively allow him to finish the remaining portion of his prison sentence on home confinement, which will in turn allow him to protect himself from the spread of the novel Coronavirus 2019 (COVID-19) by sheltering in place at his residence in light of his underlying (and pre-existing) health problems, which place him in the COVID-19 high-risk category.

Petitioner's relief is warranted in light of "extraordinary and compelling" circumstances: the national emergency posed by the ongoing COVID-19 pandemic.

1

As a pro se petitioner, the Movant asks that the Court construe this motion with liberal construction in accordance with the ruling in <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). In <u>Haines</u>, the court ruled that pro se motions should be held to "less stringent standards" than those written by professional attorneys.

## BACKGROUND

### Charge and Conviction

1. Petitioner was arrested on July 18, 2017, and charged with Interference with Commerce by Robbery, Conspiracy to Commit Hobbs Act Robbery, Misleading Communication to Hinder Investigation, Use, Carry, and Brandish a Firearm during and in Relation to a Crime of Violence, and Aiding and Abetting.

2. Petitioner pled guilty on April 17, 2018 and was convicted on that same day.

3. Petitioner was sentenced on April 17, 2018 to a term of 60 months, with a term of 3 years Supervised Release to follow.

### Medical History

Petitioner has been suffering from chronic and debilitating illnesses that include;

- Asthma
- Sleep Apnea

Some of which are known comorbidity conditions for COVID-19, thus increasing his vulnerability to infection and

death from the current global pandemic of Coronavirus (COVID-19). Petitioner is prescribed the following medications to treat the aforementioned medical issues:

- Albuterol Sulfate (Pro-Air HFA)
- Mometasone Furoate Inhalation Powder

Since his incarceration, Petitioner has continued to struggle with his medical issues, all exacerbated by the prison diet, which is high on carbohydrates and lacks fresh vegetables, and the substandard medical care provided by the medical staff at Federal Correctional Institution (FCI) Fort Dix. Petitioner has reported ongoing medical issues to staff, but his pain and discomfort has fallen on deaf ears.

## DISCUSSION

The Center for Disease Control (CDC) recently reported that individuals with underlying medical conditions are at the highest risk for infection and death from COVID-19. In two recent reports from the Bureau of Prisons (BOP) they acknowledged that they are unprepared and ill-equipped to handle an outbreak of COVID-19 within the Federal prison system. This is evident from how poorly the BOP has handled outbreaks of COVID-19 at FCI Terminal Island, USP Lompoc, FCI Elkton, FCI Oakdale, FCI Danbury, FCI Fort Worth, FCI Butner, and at Petitioner's own prison, FCI Fort Dix.

In a recent "Notice of Alleged Safety or Health Hazards" complaint filed in Federal court by the U.S. Department

of Labor, Occupational Safety and Health Administration (OSHA), against the Federal Bureau of Prisons, which they called an "<u>Imminent Danger Report</u>" pursuant to OSHA of 1970, Executive Order 12196, 29 C.F.R. 1960.8, Agency's Responsibilities, BOP Program Statement 1600.011.

> "The agency's (BOP) actions described herein are proliferating the spread of a known and deadly contagion both within our prison system and to our surrounding communities. The agency's actions and inactions are expected to result in death and severe health complications and/or possible life-long disabilities."

It further states:

> "The Bureau of Prisons has failed to introduce controls to mitigate or prevent exposure or further exposure to the virus."

As of April 30th, 2020, the BOP reports that there are 1,877 confirmed cases in the Federal prisons; 1,534 inmates and 343 staff. FCI Fort Dix has 44 confirmed cases; 40 inmates and 4 staff, with more than 80 inmates currently quarantined for exposure and/or showing symptoms.

This means that the Federal prison at FCI Fort Dix could quickly become a veritable "death trap" for someone with medical conditions and a medical history similar to Petitioner.

On April 25th, Petitioner filed a request for a transfer to home confinement under the CARES Act of 2020, § 12003(b), Pub. L. No. 116-136, 134 Stat. 281 (2020), with Warden David Ortiz of FCI Fort Dix on Joint Base MDL, in New Jersey. On the same day Petitioner filed a request with Warden Ortiz for

4

Compassionate Release, pursuant to the First Step Act of 2018. (See Attached CARES Act Letter & Request for Compassionate Release)

## COMPASSIONATE RELEASE

"Prisons are tinderboxes for infectious disease."

United States v. Rodriguez, No. 03 Cr. 271 (AB) ECF Docket No. 135 (E.D. Pa. Apr. 1, 2020) (granting inmate's compassionate release motion and collecting research explaining the greater risk of infectious disease spread in detention facilities); see also United States v. Jose Maria Marin, No. 15 Cr. 252 (PKC) (E.D.N.Y. Mar. 30, 2020) (granting compassionate release to defendant based on special risks he faced from COVID-19 in BOP custody);

There are four prerequisites to a court's granting Compassionate Release under the First Step Act of 2018. First, the petitioner must have exhausted his administrative rights with the Bureau of Prisons. Second, the Court must find that "extraordinary and compelling reasons warrant" release. Third, the Court must consider the factors set forth in § 3553(a). Fourth, the Court must find that release is consistent with the Sentencing Commission's Policy Statement.

A prisoner exhausts his Administrative Rights when the BOP fails to bring a motion for Compassionate Release on his behalf and he exercises all administrative rights to appeal, or

5

after the lapse of thirty (30) days from the receipt of such a request by the warden of the petitioner's facility, whichever is earlier.

In this case, the Petitioner has NOT exhausted his administrative rights with the BOP, as he transmitted his requests for release to the Warden (David Ortiz) of FCI Fort Dix on April 25th - fewer than thirty (30) days ago.

We ask this Court to waive the exhaustion requirement in this case. "Even where [administrative] exhaustion is seemingly mandated by statute or decisional law, the requirement is not absolute." Washington v. Barr, 925 F.3d 109, 118 (2d Cir. 2019). A court may waive an administrative exhaustion requirement "where [exhaustion] would be futile . . . where the administrative process would be incapable of granting adequate relief . . . [or] where pursuing agency review would subject [the person seeking relief] to undue prejudice." Id. at 118-19 (citing McCarthy v. Madigan, 503 U.S. 140, 146-48 (1992), superseded by statute on other grounds as recognized in Booth v. Churner, 532 U.S. &31, 740 (2001)). "Undue delay, if it in fact results in catastrophic health consequences," can justify waiving an administrative exhaustion requirement for any of those three reasons. Id. at 120-21. "Exhaustion isn't required when delay would subject petitioner to irreparable harm." Carlin v. Peters, 2000 U.S. Dist. LEXIS 10298 (3rd Cir.)

The Court should find that extraordinary and compelling reasons warrant the Petitioner's release from prison. The

6

Sentencing Commission has issued a Policy Statement that defines "extraordinary and compelling reasons." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) ("USSG"); see United States v. Ebbers, No. (54) 02-CR-1144-3 (VEC), 2020 WL 91399 at *4 (S.D.N.Y. Jan. 8, 2020); United States v. Bellamy, No. 15-165 (8) (JRT/LIB), 2019 WL 3340699, at *2 (D.Minn, July 25, 2019).

While the Petitioner's medical conditions may not place him squarely within any of the Policy Statement's definitions of "Extraordinary and Compelling Reasons," see USSG § 1B1.13 cmt. n.1 (A)-(D), the Petitioner asserts that the COVID-19 pandemic, combined with his particular vulnerability to complications from COVID-19 because of his underlying medical conditions, constitutes an "extraordinary and compelling reason" for his release.

## EXPEDITED / EMERGENCY REVIEW

Because of the immediate threat to the Petitioner, he moves this Court to begin the review and adjudication process with the understanding that the 30 day timer is ticking and, because the Bureau of Prisons is being overwhelmed with such requests they will not likely meet the 30 day timeframe. Petitioner requests the Court to immediately begin its review and arbitration. Petitioner's age and underlying medical conditions, coupled with his potential for exposure at FCI Fort Dix means that "time is of the essence." Petitioner asks this Court to

waive the exhaustion time period.

In a recent case out of the Second Circuit, <u>United States v. William Sawicz</u>, 08-cr-287 (ARR) (2d Cir. Apr. 10, 2020), the Honorable Judge Ross ruled in favor of the Petitioner because the Petitioner's underlying medical condition put him at an elevated risk for infection and death from COVID-19, and because there was an outbreak within Sawicz's prison of confinement, FCI Danbury. Judge Ross also waived the 30 day administrative rights timeframe for the Warden to review Sawicz's request to transfer to home confinement, because the risk of infection and death from COVID-19 presented "extraordinary and compelling reasons."

I. THIS COURT HAS AUTHORITY TO RESENTENCE PETITIONER UNDER SECTION 3582(c)(1)(A) FOR THE EXTRAORDINARY AND COMPELLING REASONS PRESENTED HERE.

With the changes made to the Compassionate Release statute by the First Step Act, courts need not await a motion from the Director of the BOP to resentence prisoners to time served under 18 U.S.C. § 3582(c)(1)(A) for "extraordinary and compelling reasons," and the reasons that can justify resentencing need not involve only medical, elderly, or family circumstances.

No longer does the Court follow <u>United States v. Gomez-Morales</u>, 528 F. Supp. 2d 13, 14 (D.P.B.) If the Bureau of Prisons denies or ignores Petitioner's request or acts in an

8

arbitrary manner, Petitioner's request becomes subject to judicial review under the First Step Act.

## II. PETITIONER HAS EXTRAORDINARY AND COMPELLING REASONS WHY HIS SENTENCE SHOULD BE REDUCED.

An inmate may initiate a request for consideration under 18 U.S.C. § 3582(c)(1)(A) only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the Court at time of sentencing.

The outbreak of COVID-19 within the Petitioner's own prison, FCI Fort Dix, coupled with Petitioner's preexisting medical conditions means that Petitioner is at a MUCH greater risk for contracting COVID-19, and for serious complications and possible death if he does become infected.

### FCI Fort Dix is infected with COVID-19.

The anxiety the Petitioner suffers from knowing that any inmate or staff he comes into contact with could be carrying his death sentence, constitutes cruel and unusual punishment. Ignoring serious medical needs of an incarcerated person while under the threat of death from a virus pandemic violates the "cruel and unusual punishment" prohibition of the 8th Amendment to the Constitution.

The prima facie evidence is overwhelming and Petitioner has included a copy of his prison medical records. (See Attached Inmate Medical Records) Furthermore, Petitioner's prison medical records do not adequately convey his complete health picture.

9

The medical department at this institution is understaffed. overwhelmed, and some are deliberately indifferent towards Petitioner. Under the Prisoner's Bill of Rights, the Petitioner is not receiving all the proper care and protections given him under this bill.

### III. PETITIONER HAS EXTRAORDINARY AND COMPELLING REASONS JUSTIFYING A SENTENCE REDUCTION.

Dominique Rashann Hayes's current sentence presents "extraordinary and compelling reasons" for the following reasons:

1) Petitioner has already completed a significant amount of his time, and has no incident / disciplinary action currently on his record, and;

2) Petitioner has a remarkable education record in prison, through programming that includes a myriad of Adult Continuing Education courses, i.e. Business Math, Parenting, Inside Outside Dads, Small Scall Agriculture, and Creative Writing, to name a few.

3) Petitioner's underlying medical condition puts him at a "High Risk" for infection and death from the COVID-19 virus.

### RELEASE PLAN

Petitioner is 32 years old and will, if allowed, reside with his mother, and sister who is a diabetic. They will reside at 1106 Marvin Gaye Drive in Detroit, Michigan, 48201. (586) 804-2364.

First, Mr. Hayes plans to self-quarantine at home with his mother and sister until this pandemic wanes and the country reopens. Second, Mr. Hayes plans to go back to work as a Mentor at the House of Angels. Third, Mr. Hayes plans to go back to school through College level online training courses.

## CONCLUSION

The Petitioner pleads and prays for relief from this Honorable Court. Petitioner is a first-time offender, and a very low risk for recidivism; he has a home and family to return to; he has a detailed release plan that includes a job and continuing education, and; Petitioner presents no danger to the public in any way.

Petitioner's family prays that the Court will follow the First Step Act's enactment and the principle of law in making its decision on this matter.

Petitioner understands that his crime in the instant case was serious and should not be taken lightly. This does not mean, however, that his sentence of 60 months should become a death sentence. Petitioner asks only to be released to be with his family during this ongoing global catastrophe; to support and protect his loved ones; have access to medical care that he may need that the BOP is unable and ill-equipped to provide, and; to begin rebuilding his life.

Petitioner is deeply remorseful over his past destructive behavior, which has led others to so much suffering.

11

He also recognizes the terrible waste his life has become. But through the years, he has quietly taken steps while in prison to prepare for the day when he can apply himself to bettering the lives of those he has most harmed. He is stoically waiting to atone for all the wrongs he committed, to the degree anyone can. For Petitioner, atonement is not achieved solely through acceptance of punishment, but also the acceptance of responsibility to restitute those affected as much as humanly possible.

How tragic it would be, if after all this time and effort, this inmate, whose probability at true rehabilitation is practically assured, were to succumb to an entirely foreseeable deadly contagion before given the chance. This, on the home stretch of his prison sentence. True rehabilitation, as used in this sense, refers to the broader meaning of turning around a failed life and making it a success, not merely the lack of recidivism. The lack of recidivism in his mind is a given.

IV. THE COURT SHOULD EXERCISE ITS DISCRETION AND RESENTENCE PETITIONER TO TIME SERVED.

Mr. Dominque Rashann Hayes's release date without the granting of this Motion is currently scheduled for 2022.

WHEREFORE, the Petitioner respectfully moves this Honorable Court to (1) reconsider the length of his sentence and grant him TIME SERVED, and (2) impose a term of home confinement

for the amount of time left on his term of imprisonment, where he will be in a position to protect himself from exposure to COVID-19.

Respectfully submitted,

Date: 5-4-20

Dominque Rashann Hayes
Reg. No. 55785-039
FCI Fort Dix - Low
P.O. Box 2000
Joint Base MDL, NJ 08640

13

## DECLARATION

I, Dominque Rashann Hayes, declare under the Penalty of Perjury that the aforementioned statement by me was true and correct to the best of my knowledge, pursuant to 28 U.S.C. § 1746.

Date: 5-4-20

Dominque Rashann Hayes
Reg. No. 55785-039

## CERTIFICATE OF SERVICE

I, Dominque Rashann Hayes, hereby certify that I placed a copy of the foregoing motion in the FCI Fort Dix mailbox, located in Burlington County, New Jersey, on the date listed below, with all necessary pre-paid, U.S.P.S. First-Class postage attached, and addressed to the following recipient(s):

Clerk of Court
Honorable Judge Cohn
United States District Court
Eastern District of Michigan
231 W. Lafayette BLVD / 5th Floor
Detroit, MI 48226

Date: 5-4-20

Dominque Rashann Hayes
Reg. No. 55785-039

14

BP-A0148
JUNE 10
U.S. DEPARTMENT OF JUSTICE

INMATE REQUEST TO STAFF CDFRM

FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) WARDEN ORTIZ | DATE: 4-2-20 |
|---|---|
| FROM: DOMINQUE HAYES | REGISTER NO.: 55785039 |
| WORK ASSIGNMENT: LAUNDRY CART | UNIT: 5812 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Due to the coronavirus pandemic under the CARE Act I'm requesting for home detention for the remainder time of my 60 months sentencing. I have asthma and sleep apnea and both dieases are affecting my immune system. I greatly appreciate the time giving to consider my request.

(Do not write below this line)

DISPOSITION:

Denied, as per your PSI, your instant offense involved violence. Per guidelines of the CARES Act, inmates whose primary offense was violent will not be referred.

Signature Staff Member

Date 4/21/2020

Record Copy - File; Copy - Inmate
PDF                     Prescribed by P5511

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER        SECTION 6

**Bureau of Prisons**
**Health Services**
**Health Problems**

Reg #: 55785-039  Inmate Name: HAYES, DOMINQUE

### Current

| Description | Axis | Code Type | Code | Diag. Date | Status | Status Date |
|---|---|---|---|---|---|---|
| **Sleep apnea** | | ICD-10 | G4730 | 05/24/2018 | Current | |
| 05/24/2018 08:51 EST Patel, Pradip MD | | | | | | |
| For past 3 years on CPAP | | | | | | |
| **Allergic rhinitis** | | ICD-10 | J309 | 05/24/2018 | Current | |
| 05/24/2018 08:51 EST Patel, Pradip MD | | | | | | |
| Seasonal | | | | | | |
| **Asthma** | | ICD-10 | J45909 | 05/24/2018 | Current | |
| 05/24/2018 08:51 EST Patel, Pradip MD | | | | | | |
| Step 2 | | | | | | |
| **Body mass index (BMI) 50.0-59.9, adult** | | ICD-10 | Z6843 | 05/24/2018 | Current | |
| 05/24/2018 08:51 EST Patel, Pradip MD | | | | | | |
| 59.3 | | | | | | |

Total: 4

# Bureau of Prisons
## Health Services
### Inmate Report Only (formerly labeled ISDS)

Reg #: 55785-039    Inmate Name: HAYES, DOMINQUE

SENSITIVE BUT UNCLASSIFIED – This information is confidential and must be appropriately safeguarded.

**TB Clearance:** Yes
Last PPD Date: 05/31/2019
Last Chest X-Ray Date:
TB Treatment:
TB Follow-up Recommended: No
Induration: 0mm
Results:
Sx free for 30 days: Yes

Transfer To: ___    Transfer Date: 04/16/2020

**Health Problems**

| Health Problem | Status |
| --- | --- |
| Sleep apnea<br>For past 3 years on CPAP | Current |
| Allergic rhinitis<br>Seasonal | Current |
| Asthma<br>Step 2 | Current |
| Body mass index (BMI) 50.0-59.9, adult<br>59.3 | Current |

**Medications:** All medications to be continued until evaluated by a physician unless otherwise indicated. Bolded drugs required for transport.

Albuterol Inhaler HFA (8.5 GM) 90 MCG/ACT  Exp: 05/16/2020  SIG: Don't use daily. Inhale 2 puffs by mouth 4 times a day as needed to prevent/relieve asthma attack (inhaler to last 90 days. If need more, make sick call)
Mometasone Furoate Inhal 220 MCG/Inh ( 30 doses)  Exp: 05/16/2020  SIG: Inhale one puff by mouth each evening rinse mouth after use

**OTCs:** Listing of all known OTCs this inmate is currently taking.
None

**Pending Appointments:**

| Date | Time | Activity | Provider |
| --- | --- | --- | --- |
| 05/15/2020 | 00:00 | Chronic Care Visit | Physician 05 |
| 05/31/2020 | 00:00 | PPD Administration | Nurse |

**Non-Medecation Orders:**
No Data Found

**Active Alerts:**
No Data Found

**Consultations:**

**Pending Institutional Clinical Director Action**
No Data Found

**Pending UR Committee Action**
No Data Found

**Pending Regional Review Action**
No Data Found

**Pending Scheduling**
No Data Found

**Pending Consultation**
No Data Found

Generated 04/16/2020 01:59 by Martin, G. NREMT-P    Bureau of Prisons - FTD    Page 1 of 2

## DIAGNOSIS

|  | Code | Description |
|---|---|---|
| Diagnosis 1 | G47.33 | OSA |
| Diagnosis 2 | | |
| Diagnosis 3 | | |
| Diagnosis 4 | | |

## IMPRESSIONS

1. Severe Obstructive Sleep Apnea, difficult titration but still with good parameters. Responsive to BiPAP setting sof 22/15 cms
2. Patient had an overall AHI of 23.5/hour.
3. Patient's sleep was severely fragmented.
4. Patient's snoring consists of snorts.
5. There was no evidence of periodic limb movements during the procedure.

## RECOMMENDATIONS

1. Patient should use a pressure device at: pressure of 22/15 cms with BiPAP.
2. Begin a medically supervised program to achieve and maintain ideal body weight.
3. Sleep in a non-supine position.

## GENERAL RECOMMENDATIONS

1. Avoid bedtime alcohol and sedatives.
2. Avoid operating heavy equipment.
3. Avoid driving while feeling drowsy.

Sanjay Dogra M.D: FACCP
ABIM Board Certified Sleep Specialist

October 6, 2015